# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-395 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| AMIE DEMMING, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

The matter before the Court is the amended motion of defendant Ashley Nicole Adamson ("Ashley Adamson") for an order to issue a subpoena. (Doc. No. 81.) The government opposes the motion. (Doc No. 85.) For the following reasons, the motion is DENIED.

## I. BACKGROUND

On July 23, 2020, Ashley Adamson was charged along with seven other individuals in connection with a conspiracy to commit fraud relating to the clinical trials of investigational drugs for pharmaceutical sponsors. (Doc. No. 1 (Indictment) ¶ 1.) Specifically, the indictment alleges that Ashley Adamson and her co-conspirators participated in a scheme to fraudulently enroll ineligible subjects in eight different clinical trials for the purpose of defrauding the trial sponsors and reaping an ill-gotten financial reward. According to the indictment, the fictitious personal information under which several of the ineligible test subjects were enrolled corresponded with Ashley Adamson's personal data such as her maiden name, date of birth, and address. In short, the indictment alleges that despite being unqualified as a subject per the

parameters of the clinical trials, Ashley Adamson either enrolled herself using aliases or created fictitious subjects using her personal information to give them a hint of reality. (*Id.*)

Ashley Adamson now seeks the production of her personnel file. The proposed subpoena is directed to the third-party entity identified in the indictment as "Company 1" and instructs the records custodian of Company 1 to "produce former employee Ashley Adamson's employment-personnel file. Dates of documents or history may be limited to January 2013 to April 2018." (Doc No. 81-1 (Proposed Subpoena) at 1[1].) The subpoena directs the custodian to produce the file within 30 days from the issuance of the subpoena at the John F. Seiberling Federal Building and Courthouse. (*Id.*).

## II. DISCUSSION

### a. Form of the Request and Rule 17(c) Subpoena Requirements

Ashley Adamson moves for a subpoena under Federal Rule of Criminal Procedure 17 which provides that a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Civ. P. 17(c). "The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." *Id.*

In the Sixth Circuit, courts are granted some "discretion" in interpreting Rule 17(c) so as to best manage the subpoena process. *United States v. Farmer,* No. 1:14-cr-362, 2015 WL 1471965, at *2 (N.D. Ohio Mar. 31, 2015) (quoting *United States v. Llanez-Garcia*, 735 F.3d

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

483, 499 (6th Cir. 2013)). However, the discretion afforded the court does not permit it to issue subpoenas under Rule 17(c) unless the requested documents are to be produced in the court and in connection with a formal hearing. *United States v. Keen,* 509 F.2d 1273, 1275 (6th Cir. 1975). This Court requires Rule 17(c) subpoenas to demand production of the materials at the courthouse and at a time that "bear[s] some relation to a scheduled hearing or the trial." *United Farmer,* 2015 WL 1471965, at *3. Here, Ashley Adamson does not meet the latter requirement. While the subpoena directs the document production to take place at the federal courthouse, it also provides that the production is to take place within 30 days of the issuance of the subpoena. (*See* Doc. No. 81-1.) Ashley Adamson filed her motion for a subpoena on February 25, 2021. Her trial is scheduled for February 7, 2022. Even allowing a reasonable period of time in which to review the produced documents in advance of any court proceeding, the timing set forth in the subpoena bears no relation to a scheduled hearing or trial in this matter. For this reason alone, the motion is denied.

### b.  Substance of the Request

Even if Ashley Adamson had complied with the technical requirements of Rule 17(c), her motion would be denied because she has not made the necessary showing that she is entitled to compel the production of the requested information. In *United States v. Nixon*, in addition to an introductory showing of relevance, admissibility, and specificity, the Supreme Court required the moving party to show "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the parties cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(4) that the application is made in good faith and is not intended as a general fishing expedition." *United States v. Nixon,* 418 U.S. 683, 699-700, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). In so ruling, the Supreme Court underscored that Rule 17(c) is not meant to provide an alternative means of discovery for criminal cases. *Id.* Here, Ashley Adamson's request for her personnel file meets neither the threshold requirements of relevancy, admissibility, and specificity, nor the four enumerated *Nixon* factors.

Rather, it is clear from the language of the motion that Ashley Adamson is requesting permission to embark on a fishing expedition. She guesses or hopes that the contents of her personnel file "will likely be relevant evidence" and "will hopefully provide evidence of leaves of absences, work schedules, location of work, and comparable signatures." (Doc. No. 81 at 1–2.) She goes on to speculate that the file "may also include" reimbursement receipts. (*Id.* at 2.) Her equivocation here is especially troubling given that she is requesting documents in her own personnel file, and she should have some idea what the file will actually contain. Her guesses or hopes are not sufficient grounds for the Court to issue a subpoena; "a proponent's motion, based on nothing more than a belief as to the requested documents' contents or import, is essentially a discovery request and is not properly made under Rule 17(c)." *Farmer,* 2015 WL 1471965, at *3; *United States v. Cooper*, No. 08-20464, 2009 WL 1384145, at *7 (E.D. Mich. May 14, 2009) (noting that a subpoena request based on a belief that more documents may exist amounts to an impermissible discovery request); *United States v. Skeddle*, 178 F.R.D. 167, 170 (N.D. Ohio 1996). Accordingly, she has not demonstrated that she is attempting to invoke the Court's subpoena power in good faith.

Ashley Adamson additionally fails to meet the specificity requirement of *Nixon* by

4

requesting her entire personnel file.[2] In her motion, she explains that she needs the file because it may contain travel reimbursements and signature copies yet does not limit the subpoena request to specifically cover such items. Such "a blanket request for all documents in a file" is not specific enough to meet the *Nixon* requirement and additionally interferes with the party's ability to meet prong four of the *Nixon* test as discussed *infra*. *United States v. Hills*, No. 1:16-cr-329, 2018 WL 3036195, at *3 (N.D. Ohio June 19, 2018). *See also Unites States v. Arnold,* No. 1:12-cr-134, 2012 WL 13212340, at *1 (N.D. Ohio Aug. 8, 2012) (explaining that subpoena requests must be specific to items relevant to the case and denying the motion at issue because the proponent of the subpoena sought an entire personnel file where only copies of her signature were relevant). The proponent of a subpoena does not meet the specificity requirement of Rule 17(c) when the request seeks a general set of documentation on the basis that a subset of the documentation may contain pertinent information. *See United States v. Barnes,* No. S9 04 CR 186, 2008 WL 9359654, at *4 (S.D.N.Y. Apr. 2, 2008). The proponent must limit the request to "identifiable pieces of evidence." *Id.* Rule 17(c) is not meant to permit the production of "vast baskets of information demonstrably much broader than anything concerning this case." *United States v. Peavler*, No. 3:15-cr-14, 2017 WL 1018304, at *2 (E.D. Ky. Mar. 10, 2017). Here, Ashley Adamson seeks a general set of documentation (her personnel file) on the basis that a subset of her personnel file (travel reimbursements, signature copies) may contain pertinent information. Her personnel file is a basket of information demonstrably much broader than

---

[2] The Court acknowledges that defendant limits her request to certain years, but she seeks all documents during this time frame.

anything concerning this case: her file will contain wage and benefit information, disciplinary records, and any other number of unrelated materials normally maintained by human resources in the course of business. The Court finds she has not met the specificity requirement of Rule 17(c).

She has also failed to establish the relevance of the requested documents. Relevant evidence must have some capacity to make the government's charges more or less probable. Fed. R. Evid. 401. Ashley Adamson's argument for relevance is that travel reimbursements in her file could possibly or hopefully serve to establish her physical location and prove she was not at the location where the trials occurred on the dates in question, making it less probable she was actually involved in the charged fraudulent conduct. (Doc. No. 81 at 1). She claims the signature copies in her file are relevant for the same reason: they will cast doubt on whether it was actually her signature authorizing the fraud. (Doc. No. 81 at 2).

The government counters that Ashley Adamson physical location has no bearing on the charges in the indictment because none of the charged offenses are dependent on proof that she was physically present. (Doc. No. 85 at 4). Indeed, Ashley Adamson is accused of fraudulently enrolling subjects, including herself, in clinical trials. She would have been capable of doing so regardless of whether she was physically onsite at the location where the clinical trials were taking place. Even when Ashley Adamson herself was the person allegedly fraudulently enrolled, the government does not allege that she actually participated in the study. In addition, the fact that she may not have been present at her place of business on a given day does not necessarily mean that there will be a corresponding travel reimbursement. She could have been off-site due to illness, vacation, or any number of work-related reasons that would not require Company 1 to have reimbursed her. Therefore, whether or not she was onsite at the time and place the trial was

being conducted has little probative value as to whether she fraudulently enrolled herself or another in a clinical trial in which they did not participate.

As a final note, the travel reimbursements that Ashley Adamson's motion seeks can be procured elsewhere without the need for the Court to issue a subpoena. The fact that she was being reimbursed implies she incurred business expenses to her personal accounts. It is therefore highly likely that the same record of expenditures her personnel file contains also exists in her personal financial files such as her credit card bills and bank statements. She also seeks documents with her signature so that she can verify alleged signatures connected with the fraudulent clinical trial enrollees. (Doc. No. 81 at 2). As was the case with the travel reimbursements, she could almost certainly procure a copy of her own signature using only her personal documents.

### III. CONCLUSION

The Court finds that the requested subpoena is technically deficient and does not satisfy the substantive requirements imposed by the Supreme Court in *Nixon*. Accordingly, Ashley Adamson's amended motion to issue a Rule 17(c) subpoena (Doc. No. 81) is DENIED.

**IT IS SO ORDERED**.

Dated: August 3, 2021

                                    _____
                                    **HONORABLE SARA LIOI**
                                    **UNITED STATES DISTRICT JUDGE**